IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAY MCCLAIN JR.,

    Petitioner,

v.

                                                                                                               No. 20-cv-1173-MIS-KRS

UNITED STATES OF AMERICA,

    Respondent.

**ORDER TO CURE DEFICIENCIES**

This matter is before the Court on Petitioner Jay McClain Jr.'s Motion to Amend Judgment and Sentence, filed November 9, 2020 (Doc. 1) (the "Motion"). When he filed the Motion, Petitioner was housed by NMCD at Lea County Correctional Facility in Hobbs, New Mexico, serving a state sentence. (Doc. 1 at 2). He was in protective custody. (*Id*.). Presently, he is in the custody of the Bureau of Prisons, housed at FCI Phoenix, serving a federal sentence. *See* https://www.bop.gov/inmateloc/.

In the Motion, Petitioner appears to seek to amend his judgment and sentence in *United States v. McClain, et al.*, 18-cr-2753-KG.[1] (Doc. 1 at 1.). District courts do "not have inherent power to resentence defendants." *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a Defendant's sentence … in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* To the extent Petitioner seeks an amendment of his federal sentence, he may pursue relief under 28 U.S.C. § 2255. *See Montez v. McKinna*, 208

---

[1] In the Motion, Plaintiff also refers to three state cases: State of New Mexico, Fifth Judicial District Court, County of Chavez, case no. D-504-CR-2018-462; State of New Mexico, County of Lincoln, Twelfth Judicial District, case no. D-1226-CR-2018-0073 and case no. D-1226-CR-2018-87.

F.3d 862, 865 (10th Cir. 2000) (The proper vehicle for amending a federal sentence is typically a § 2255 habeas proceeding.). Petitioner is advised, however, that a writ of habeas corpus must be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). Even assuming a prospective habeas petition would relate back to the date of the Motion, 539 days passed between the entry of the judgment and the filing of this Motion. As such, a potential § 2255 petition may be time barred. Plaintiff would bear the burden of overcoming the time bar by demonstrating a statutory exception, *see* 28 U.S.C. § 2255 (f)(2)-(4), or grounds for equitable tolling, *see, e.g., Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

In the Motion, Petitioner also appears to seek to serve his federal sentence in the custody of NMCD in protective custody. (Doc. 1 at 2). To the extent that Plaintiff's protective-custody request has not been rendered moot by his transfer from the custody of NMCD to BOP, such claims—*i.e.*, those pertaining to the conditions of confinement— are properly raised in a civil action. *See Buhl v. Berkebile*, 597 F. App'x 958, 959 (10th Cir. 2014) (a federal prisoner's challenge to the conditions of his confinement must be brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, (1971)); *Nelson v. Campbell*, 514 U.S. 637, 643 (2004) (a state prisoner's challenge to the conditions of his confinement, "whether the inmate seeks monetary or injunctive relief . . . may be brought pursuant to § 1983"). If Petitioner wishes to pursue injunctive relief pertaining to his placement or non-placement in protective custody, he may file an appropriate civil complaint.

Finally, Petitioner appears to seek to serve his federal sentence concurrently with his state sentences. (Doc. 1 at 2). A request for relief of this nature constitutes a challenge to the execution of his sentence. "[A] challenge to the execution of a sentence should be brought [as a habeas

petition] under 28 U.S.C. § 2241." *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). A § 2241 petition challenging the BOP's execution of a federal sentence must generally be filed in the district of confinement. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 [that] attacks the execution of a sentence … must be filed in the district where the prisoner is confined."). Petitioner is confined at FCI Phoenix in the District of Arizona. *See* 28 U.S.C. § 82; https://www.bop.gov/inmateloc/. If Petitioner wishes to pursue relief under § 2241, it may be efficient for him to mail a § 2241 petition to the United States District Court for the District of Arizona.

Based on the Motion, the Court cannot discern the legal theory that Petitioner wishes to pursue and therefore will require him to clarify. The Clerk's Office will send Petitioner two habeas forms and a blank civil rights complaint. If he intends to proceed in this Court, he should return the appropriate form, consistent with the discussion herein to state the theory (or theories) he wishes to pursue. If he declines to prosecute this action or wishes instead to file a § 2241 petition in the District of Arizona, he need not take further action in this Court, and this civil case will be closed after thirty days.

**IT IS ORDERED** that within thirty days of the entry of this order, Petitioner shall refile his claims on the proper habeas form or file a civil rights complaint. If Plaintiff does not wish to pursue his claims for relief in this Court, no further action is necessary, as the Court will dismiss this action and close the case after the expiration of the thirty-day deadline.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank 28 U.S.C. § 2241 habeas petition, a blank 28 U.S.C. § 2255 habeas petition, and a blank prisoner civil rights complaint.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**